# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GASPAR DAVID GUZMAN, MARIA ISABEL GUZMAN, VANESSA GARCIA, NEXT FRIEND OF GASPAR DAVID GUZMAN JR. AND ASHLYN GIZELLE GUZMAN, MINORS, *Plainitiffs* VS. | § § § § § § § § § | |
| | § | CIVIL ACTION NO. 5:19-CV-1091-OLG |
| CITY OF SAN ANTONIO; OFFICER JORDAN. DIEHL, OFFICER ASHLEY. ORTIZ, and OFFICER ANGEL ESPINOZA *Defendants* | § § § § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME PLAINTIFFS, GASPAR DAVID GUZMAN, MARIA ISABEL GUZMAN, VANESSA GARCIA (NEXT FRIEND OF GASPAR DAVID GUZMAN JR. AND ASHLYN GIZELLE GUZMAN, MINORS),** and file this Plaintiffs' First Amended Original Complaint complaining of Defendants **CITY OF SAN ANTONIO, OFFICER JORDAN DIEHL. #0157, OFFICER ASHLEY ORTIZ #0871, OFFICER ANGEL ESPINOZA #1172, and OFFICER R. HARRELSON #1135,** for causes of action. Plaintiff would show as follows:

### I.

### JURISDICTION, VENUE AND PARTIES

1. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. Section 1343 (a), which provides for original jurisdiction of this Court in suits authorized by 42 U.S.C. Section 1983 to for the violation of the Plaintiff's decedent's Fourth and Fourteenth Amendment rights.

2. Venue is proper in this district because the Defendants are residents or have their official offices in the Western District of Texas. Additionally all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

## II.

## PARTIES AND SERVICE

3. Plaintiffs in this action are GASPAR DAVID GUZMAN, MARIA ISABEL GUZMAN, and VANESSA GARCIA, individually and as NEXT FRIEND of GASPAR DAVID GUZMAN JR. and ASHLYN GIZELLE GUZMAN, minors. Plaintiffs Gaspar David Guzman and Maria Isabel Guzman, parents of the deceased reside in Cameron County, Texas. Next Friend Vanessa Garcia is the mother of the minors Gaspar David Guzman Jr. and Ashlyn Gizelle Guzman, minor children of the decedent and all are residents of San Antonio, Bexar County, Texas. For purposes of this action all may be served with process, except citation, summons, subpoena or other compulsory process in care of the undersigned counsel.

   a. Gaspar David Guzman and Ashlyn Gizelle Guzman are the minor children of the decedent Gaspar David Guzman and Vanessa Garcia who were unmarried at the time of decedent's death.

   b. Plaintiff Gaspar David Guzman is the father of the decedent.

c. Plaintiff Maria Isabel Guzman is the mother of decedent.

i. Defendants have all been served and have answered this Petition.

III.

**FACTUAL BACKGROUND**

4.1     This lawsuit concerns the wrongful death of 36 year old Gaspar David Guzman. who was known by his family as "David". Before this incident, David had been a healthy, gainfully employed, father of two young children. residing in San Antonio, Texas

On Saturday, May 12, 2018 David arrived at the residence of friends on Rosemont Street in San Antonio, Texas sometime in the afternoon. The owners of the home were hosting a small gathering of people and preparing a barbecue for the evening. When David arrived, he brought along a 18 pack of beer. It did not appear to others that he had been drinking before his arrival. Most of the day went by without incident. The hosts did note later that David appeared anxious or paranoid and was acting strangely. Later in the evening David's girlfriend stopped by the house for a brief time and then left. An officer from the San Antonio police department appeared at the house which surprised the hosts. It was later determined that they had been called by David Guzman. After a short discussion with the hosts and David, the police told David that he needed to leave the residence. He called a friend to get a ride but the friend told him he had no vehicle at the time. The police then tried to move David to a vehicle of the host who had volunteered to take him home.  David resisted the movement and was speaking loudly stating that there was no reason to arrest him and that he wanted his rights.  Eventually the police did announce that they would have to arrest him.  The officers then tried to cuff David but were unable to get David's

hands behind his back and wrestled him to the ground. Still unable to get his hands behind his back, Officer Espinoza deployed a taser in the "drive stun technique" three consecutive times. Guzman was eventually handcuffed, with the cuffs behind this back. Per police procedure the EMS was called as a result of the taser use but left quickly after David allegedly denied needing medical attention. He was then put into the backseat of the police cruiser, but the door was left open and he was left unattended. David got out of the car and moved, still agitated, toward where everyone was standing. By this time, several other officers had appeared and wrestled David facedown to the ground. David continued to ask the officers who were restraining him why he was being arrested and kept asserting his rights. He had been placed face down on the ground, his month in the grass. Shortly after, he began breathing heavily and complaining repeatedly that he was going to die. He was still lying facedown, trying to turn his head from side to side, his legs being held down by one of the officers and his back apparently pressed down by another. A neighbor who was close to the officers and David saw this happening and, seeing a liquid coming from David's mouth, said "stop it, you're going to kill him". Nonetheless, they kept David in a position where he was facedown, mouth on the ground and unable to breathe. He quickly became more passive but still murmured that "he was going to die". Taking no other action to turn him onto his side or back and to allow him to get air, it soon became evident that he was about to expire. EMS had been called for a second time but had still not arrived. When David showed little pulse or sign of breathing, one of the officers at the scene worked to revive him but he was unsuccessful.

## IV.

## CAUSES OF ACTION

**1. NEGLIGENCE OF THE CITY OF SAN ANTONIO**

The handcuffs and taser devices were an instrumentality of the City of San Antonio. At all times herein the Defendant officers were acting as agents, servants and employees of the City of San Antonio. Defendant City of San Antonio is principal, master and employer of Defendant officers and is liable for Defendants' torts and constitutional violations under respondent superior.

a. The City was negligent in not providing officers sufficient training in the dangers of positional asphyxiation when they tase a citizen and place him in handcuffs behind his back then place him into a prone position with his face into the ground. No action was taken to allow him to breathe for an extended period of time and none of the officers appeared to know what to do or how to assist David.

b. The City was negligent in not training officers and employees sufficiently in recognizing delirium or other mental disorders and how to respond to those situations without using excessive force.

c. the City failed and continues to fail to properly train its employees and/or modify the policies and procedures of the police department.

d. The Defendant City of San Antonio failed to properly train, supervise, regulate and/or discipline officers who routinely use excessive force (use of the taser) in making arrests. this resulted in a official policy that condones the use of excessive force when not warranted.

e. The City of San Antonio through the police department did not insure that the taser unit was operable and that its officers were trained in the proper use of the drive stun technique.

## 2. NEGLIGENCE OF THE OFFICERS

a. The officers used excessive physical force without due process on a person who had not committed a crime nor was suspected of committing a crime.

b. The officers were insufficiently trained by the City in the dangers of asphyxiation when using a taser on a person and then placing him face down on the ground and applying pressure or weight on his back.

c. the officers failed to follow procedure and were negligent in failing to insure that EMS was present, and stayed, when the use of excessive force such as the drive-stun taser was used.

d. The officers were negligent in applying continuous tasing to a person.

e. The officers were negligent in failing to follow training procedures and policies in that they failed to use the appropriate and non-excessive force in a non-life threatening situation.

f. The officers were not trained, or were improperly trained to recognize signs of excited delirium and other mental disorders and were unfamiliar in how to respond to them without using deadly force.

g. At all times material herein, the Defendants who were connected with the occurrence were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.

## VII.

## PLAINTIFFS DAMAGES

As a direct and proximate result of the negligence, recklessness and/or wantonness of the defendants, Plaintiff s Gaspar David Guzman Jr. and Ashley Nicole Guzman by and through their Next Friend, Vanessa Garcia, suffered and will continue to suffer for the remainder of they natural lives:

    a. The loss of social comfort of t father.

    b. loss of the economic support of their father

    c. grief and bereavement

Plaintiffs Gaspar David Guzman Jr and Ashley Nicole Guzman have been damaged in all these respects far in excess of the jurisdictional limits of the Court.

As a direct and proximate result of the negligence , recklessness and/or wantonness of the defendants, Plaintiffs Gaspar David Guzman and Maria Isabel Guzman, the decedent's parents, suffered and will continue to suffer for the remainder of their lives:

    d. the loss of social comfort of their son

    e. loss of economic support

    f. grief and bereavement

    g. funeral expenses for the decedent

Plaintiffs Gaspar David Guzman and Maria Isabel Guzman have been damaged in all these respects far in excess of the jurisdictional limits of the Court.

## VIII.

### JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial and tender the proper payment.

## IX.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that defendants be cited to appear and answer and that on final trial Plaintiffs have:

1. Judgment against defendants and/or each defendant for the damages suffered by each survivor Plaintiff as a result of defendants' conduct in an amount within the jurisdictional limits of the court;

2. costs of the suit

3. Attorney Fees

4. Such other and further relief to which plaintiffs may be justly entitled at law or in equity.

    Respectfully Submitted,

    /s/ RichardHoffman
    Richard S. Hoffman
    Attorney at Law

State bar Number 09787200
611 S. Congress #210
Austin, Texas 78704
Telephone 512-217-7383
Fax: 512-322-9802
E-mail: rhoff88302@aol.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that the above Plaintiffs First Amended Petition has been delivered to counsel for the City of San Antonio and counsel for the Defendants Jordan Diehl, Ashley Ortiz and Angel Espinoza at the below email addresses on January 30, 2020.

Mark Ralls
mralls@hdr-law,com

Judith D. Sanchez
Judith.Sanchez@sanantonio.gov

/s/Richard S. Hoffman