<div style="color:red; text-align:center;">

# Exhibit "A"

</div>

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GASPAR DAVID GUZMAN, MARIA ISABEL GUZMAN, VANESSA GARCIA, NEXT FRIEND OF GASPAR GASPAR DAVID GUZMAN JR. AND ASHLYN GIZELLE GUZMAN, MINORS, <br> *Plaintiffs* <br><br> VS. <br><br> CITY OF SAN ANTONIO; OFFICER J. DIEHL, OFFICER A. ORTIZ; AND OFFICER A. ESPINOZA <br> *Defendants* | § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br>CIVIL ACTION NO. 5:19-CV-1091-OLG |

**DEFENDANTS OFFICER J. DIEHL, OFFICER A. ORTIZ AND OFFICER A. ESPINOZA'S FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Defendants **OFFICER J. DIEHL, OFFICER A. ORTIZ** and **OFFICER A. ESPINOZA** (hereinafter Defendants or individually by name), and reserving the right to file other and further pleadings, exceptions and denials, file this their First Amended Original Answer to Plaintiffs' First Amended Original Complaint (hereinafter Plaintiffs' First Amended Complaint), and in support thereof would show unto the Court as follows:

## I.
## JURISDICTION, VENUE AND PARTIES

1. To the extent paragraph 1. of Plaintiffs' First Amended Complaint is a statement of jurisdiction no responsive pleading is required. Defendants deny they in any way violated Gasper David Guzman's (Plaintiffs' decedent) Fourth and Fourteenth Amendment rights.

2. Paragraph 2 of Plaintiffs' First Amended Complaint is merely a statement of venue to which no responsive pleading is required.

## II.
## PARTIES AND SERVICE

3. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3., 3.a., 3.b., and 3.c. of Plaintiffs' First Amended Complaint. Defendants deny the allegations contained in Paragraph 3., c.i. of Plaintiffs' First Amended Complaint.

## III.
## FACTUAL BACKGROUND

4. Defendants admit Plaintiffs allege a wrongful death claim in this case in paragraph 4.1 of Plaintiffs' First Amended Complaint but deny any wrongdoing in connection with the death of Plaintiffs' decedent. Defendants lack knowledge or information sufficient to form a belief about the truth of the name Plaintiffs' decedent was known to his family by and whether Plaintiffs' decedent had been a healthy, gainfully employed, father of two young children residing in San Antonio, Texas at the time of his death. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding what time Plaintiffs' decedent arrived at the residence on Rosemont Street in San Antonio, or whether the occupants of that residence were friends of Plaintiffs' decedent. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding what the owners of the home were doing or how much beer Plaintiffs' decedent took with him to the residence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding whether it appeared to the persons at the residence Plaintiffs'

decedent had been drinking when he arrived at the residence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding whether most of the day went by without incident or whether Plaintiffs' decedent appeared anxious or paranoid or was acting strangely at the residence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations Plaintiffs' decedent's girlfriend stopped by the residence for a brief time and then left. Defendants admit Plaintiffs' decedent called the San Antonio Police and that a SAPD officer responded to the residence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding what the state of mind of the hosts were upon the officer arriving at the residence. Defendant Espinoza admits officers at the residence told Plaintiffs' decedent he needed to leave the residence, and that Plaintiffs' decedent called a friend. Defendant Espinosa admits officers attempted to deescalate the situation by attempting to have Plaintiffs' decedent leave the scene with one of the hosts who had volunteered to take Plaintiffs' decedent home, but that Plaintiffs' decedent refused to do so. Defendant Espinoza admits he struggled with Plaintiffs' decedent to get him under control and that Plaintiffs' decedent resisted arrest, requiring Defendant Espinoza to deploy his TASER in drive-stun mode to attempt to control Plaintiffs' decedent so he could place him in handcuffs. Defendants Diehl and Ortiz lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Plaintiffs' First Amended Complaint prior to the time they arrived at the scene. Defendant Espinoza admits that based on the actions of Plaintiffs' decedent's actions and resistance Plaintiffs' decedent was placed under arrest for public intoxication and resisting arrest. Defendants admit EMS

and a fire unit were called to the scene to medically evaluate Plaintiffs' decedent due to the fact that he had been tased. However, Plaintiffs' decedent was uncooperative and refused to allow EMS personnel to evaluate him. Defendants admit EMS left the scene a short time after attempting to evaluate Plaintiffs' decedent. Defendant Espinoza and Diehl admit that Plaintiffs' decedent was placed into the backseat of a patrol vehicle to attempt to deescalate the situation, but Plaintiffs' decedent fled from the backseat and tried to run back to the residence. Defendants Espinoza and Diehl admit Plaintiffs' decedent again had to be physically restrained. Defendants Espinoza and Diehl deny a TASER was applied in any form to Plaintiffs' decedent during the second attempt to physically control Plaintiffs' decedent. Defendants admit Plaintiffs' decedent remained uncooperative after he was restrained the second time. Defendants admit that because Plaintiffs' decedent continued to resist Defendants' attempt to control him Plaintiffs' decedent was placed on the ground on his stomach. Defendants admit Plaintiffs' decedent stated he "was going to die" but state Defendants believed Plaintiffs' decedent was highly intoxicated and did not believe Plaintiffs' decedent was in any medical distress. Defendants admit that after Plaintiffs' decedent became silent and then appeared to be vomiting, Plaintiffs' decedent was placed on his side and his pulse was checked by Defendant Ortiz. Defendants admit when Defendant Ortiz reported she was having difficulty detecting a pulse, fire and EMS units were requested back to the location at a Code 3 response level. Defendants deny that they or any of them believed at any time prior to Defendant Ortiz' inability to detect a pulse Defendants were aware Plaintiffs' decedent was in any medical distress, but rather

reasonably believed Plaintiffs' decedent was simply acting as a highly intoxicated person may act.

# IV.
# CAUSES OF ACTION

**1. NEGLIGENCE OF THE CITY OF SAN ANTONIO**

7. In response to Paragraph IV. of Plaintiff's First Amended Complaint Defendants admit they were at all times acting as employees of the City of San Antonio, but deny Defendants committed any torts or constitutional violations in dealing with Plaintiffs' decedent. Defendants admit the handcuffs and ECD devices were an instrumentality of the City of San Antonio. Defendants deny the remainder of the allegations contained in Paragraph IV. 1. a., b., c., d., e.

**2. NEGLIGENCE OF THE OFFICERS**

8. Defendants deny the allegations contained in Paragraph IV. 2. a., b., c., d., e., f. of Plaintiffs' First Amended Complaint. In response to Paragraph IV. 2., g. of Plaintiffs' First Amended Complaint, Defendants admit that at all times material to the incident made the basis of this lawsuit they were acting within the course and scope of their employment or official duties and in furtherance of the duties of their employment.

# VII. (sic)
# PLAINTIFFS' DAMAGES

9. Defendants deny the allegations contained in Paragraph VII. (sic) a., b., c.; d., e., f., g. of Plaintiffs' First Amended Complaint.

# VIII. (sic)
# JURY TRIAL DEMANDED

10. Paragraph VIII. (sic) of Plaintiffs' First Amended Complaint is a jury demand to which no responsive pleading is required.

## IX. (sic)
## PRAYER FOR RELIEF

11. Defendants deny Plaintiffs are entitled to any of the relief requested in Paragraph IX., (sic) 1. 2., 3., and 4. of Plaintiffs' First Amended Complaint.

12. Defendants deny each and every, all and singular, the allegations contained in Plaintiffs' First Amended Complaint not specifically admitted herein above.

13. Defendants demand a trial by jury.

## **AFFIRMATIVE DEFENSES**

14. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Plaintiffs' First Amended Complaint fails to state a claim against these Defendants upon which relief can be granted.

15. By way of affirmative defense, and without waiving any other defenses, denials or exceptions set forth herein above or below, Defendants assert that on the occasion in question they were acting as peace officers licensed and certified by the State of Texas, in the course and scope of their employment with the City of San Antonio and within their discretionary authority, and they did not violate Plaintiffs' decedent's Constitutional rights nor commit any wrongful act. Defendants further say that they were at all times acting objectively reasonably and that all actions taken by Defendants were objectively reasonable and solely for purposes of carrying out their duties as licensed and certified police officers on the date of the incident in question. Defendants are therefore entitled to qualified immunity as a matter of law.

16. By way of affirmative defense, and without waiving any other defenses, denials or exceptions set forth herein above or below, Defendants say that if Plaintiffs' decedent underwent any mental or physical pain or suffering prior to his death, or his estate incurred any expenses whatsoever as a result of his death, then such is due solely to the illegal actions of Plaintiffs'

decedent and the illegal substances ingested by Plaintiffs' decedent and/or wholly disassociated with the allegations upon which this lawsuit predicated.

17. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendants plead their entitlement to the governmental defenses and immunities to which they are entitled pursuant to Chapter 101 §101.001, *et. seq.* of the Texas Civil Practice and Remedies Code, also known as the Texas Tort Claims Act, to include but not limited by way of enumeration to, TEX. CIV. PRAC. & REM. CODE §§ 101.106(a), 101.106(e) and 101.106(f), as a matter of law. Defendants also plead all immunity-related defenses available to them under both common law and statutory law, including immunity from liability, official immunity, qualified immunity, immunity from damages and limitations on damages.

18. By way of affirmative defense, and without waiving any other defenses, denials or exceptions Defendants assert that on the occasion in question they were acting under color of law, in the course and scope of their employment as licensed and certified peace officers with the City of San Antonio Police Department and within their discretionary authority as peace officers. Defendants further assert they did not violate Plaintiffs' decedent's Constitutional rights nor commit any wrongful act, and specifically deny they in any way caused or contributed to the death of Plaintiffs' decedent as alleged in Plaintiffs' First Amended Complaint. Defendants would show that in connection with the arrest of Plaintiffs' decedent that Defendants at all times acted in objective good faith in carrying out their duties, and that all force used by Defendants against Plaintiffs' decedent was objectively reasonable and in response to Plaintiffs' decedent's actions in physically resisting arrest and refusing to comply with the lawful orders of Defendants and other officers at the scene. Defendants would also show that Plaintiffs' decedent denied having used any drugs that night, and Defendants reasonably believed Plaintiffs' decedent was merely highly

intoxicated and his actions and statements were a result of his highly intoxicated state. Because all of their actions during the entire incident made the basis of Plaintiffs' lawsuit were objectively reasonable Defendants are entitled to qualified immunity to all of Plaintiffs' claims as a matter of law.

20. By way of affirmative defense, and without waiving any other defenses, exceptions or denials, Defendants plead the limitation of liability provided by Section 108.002(a) of the Texas Civil Practice and Remedies Code in effect at the time of the filing of Plaintiffs' First Amended Complaint and all other applicable damage limitations in effect.

20. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendants would show that any claim by Plaintiffs for economic loss (including but not limited to, loss of earnings, loss of inheritance, earning capacity or other pecuniary losses) is governed by the limitations and provisions set forth in the Texas Civil Practice & Remedies Code §18.091.

21. By way of affirmative defense, Defendants would show that by failing to comply with the lawful commands and orders of Defendants, Plaintiffs' decedent assumed the risk of injury and any damages associated therewith.

22. By way of affirmative defense, and without waiving any other defenses, denials or exceptions set forth hereinabove, Defendants would show Plaintiffs lack standing and/or capacity to bring a survivorship action or any other cause of action on behalf of the estate of Plaintiffs' decedent in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **OFFICER J. DIEHL, OFFICER A. ORTIZ** and **OFFICER A. ESPINOZA**, pray that Plaintiffs' suit be dismissed, that

Plaintiffs take nothing by their lawsuit and that Defendants be awarded their costs expended, attorney's fees and such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**HOBLIT DARLING RALLS**
**HERNANDEZ & HUDLOW LLP**
6243 IH-10 West, Suite 601
San Antonio, Texas 78205
Telephone:     (210) 224-9991
Facsimile:     (210) 226-1544
E-mail:  mralls@hdr-law.com

BY: _____
N. MARK RALLS
State Bar No. 16489200

**ATTORNEY FOR DEFENDANTS,**
**OFFICER J. DIEHL, OFFICER A. ORTIZ, AND**
**OFFICER A. ESPINOZA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been sent to the following, by the method indicated, on February 11, 2020, to:

Richard S. Hoffman **Via CM/ECF**
611 S. Congress, #210
Austin, Texas 78704
Fax: (512) 322-9802
Email: rhoff88302@aol.com
*Counsel for Plaintiffs*

Judith D. Sanchez **Via CM/ECF**
CITY OF SAN ANTONIO
Office of the City Attorney
Litigation Division
Frost Bank Tower
100 W. Houston St., 18th Floor
San Antonio, Texas 78205
Email: Judith.sanchez@sanantonio.gov
*Counsel for City of San Antonio*

_____
N. Mark Ralls