# Qualified Assignment, Release and Pledge Agreement
*In Accordance With Internal Revenue Code Section 130*

"**Claimant(s)-Secured Party**": Ashlyn G. Guzman AND Gaspar D. Guzman  (See Addendum No. 1 )

"**Assignor**": City of San Antonio, Texas

"**Settlement Agreement**": _____

[Date and title of settlement agreement, order or other document embodying the Assignor's obligation to make the agreed periodic payments]

"**Assignee-Debtor**": MetLife Assignment Company, Inc.

"**Annuity Issuer**": Metropolitan Tower Life Insurance Company

"**Effective Date**": _____

**This Qualified Assignment, Release and Pledge Agreement** is made and entered into as of the Effective Date by and among the undersigned parties with reference to the following facts:

A. Claimant-Secured Party and Assignor are parties to or are otherwise subject to or entitled to receive payments under the above-referenced Settlement Agreement, under which Assignor has liability to make certain periodic payments to or for the benefit of Claimant-Secured Party as specified or referred to in paragraph 15 of this Agreement (the "Periodic Payments"); and

B. Assignor and Assignee-Debtor wish to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986, as amended (the "Code"); and

C. Assignee-Debtor desires to grant to Claimant-Secured Party a security interest to secure the liability being assumed by Assignee-Debtor to make the Periodic Payments.

**Now, therefore,** in consideration of the foregoing and for other good and valuable consideration, the parties agree as follows:

1. **Assignment and Assumption; Release of Assignor.** Assignor hereby assigns to Assignee-Debtor, and Assignee-Debtor hereby accepts and assumes, all of Assignor's liability to make the Periodic Payments.  Each Claimant-Secured Party hereby accepts and consents to such assignment by Assignor and assumption by Assignee-Debtor. Effective on the Effective Date, each Claimant-Secured Party hereby releases and discharges Assignor from all liability to make the Periodic Payments.

2. **Nature of Periodic Payments.** The Periodic Payments constitute

    i. damages (other than punitive damages), whether by suit or agreement, or

    ii. compensation under a workers' compensation act,

    on account of personal injury or sickness in a case involving physical injury or physical sickness, within the meaning of Sections 130(c) and 104(a) of the Code.

3. **Extent of Assignee-Debtor's Liability.** Assignee-Debtor's liability to make the Periodic Payments shall be no greater than the liability of Assignor immediately prior to the Effective Date. Assignee-Debtor assumes no liability other than the liability to make the Periodic Payments. Assignee-Debtor's liability to make the Periodic Payments shall be unaffected by any bankruptcy or insolvency of Assignor.

4. **Qualified Funding Asset.** Assignee-Debtor will fund the Periodic Payments by purchasing from Annuity Issuer a "qualified funding asset," as defined in Section 130(d) of the Code, in the form of an

annuity contract (the "Annuity") issued by Annuity Issuer and providing for payments corresponding to the Periodic Payments. Assignee-Debtor shall be designated as the owner of the Annuity. All rights of legal ownership and control of the Annuity shall (subject to paragraph 12 of this Agreement) be and remain vested exclusively in Assignee-Debtor; provided, however, that the Annuity shall be used by Assignee-Debtor to fund the Periodic Payments and shall at all times be designated by Assignee-Debtor on its records as being taken into account, under Section 130 of the Code, with respect to this Agreement. Notwithstanding anything to the contrary contained in this Agreement, neither any Claimant-Secured Party nor any Successor Payee shall have any rights with respect to the Annuity or the payments thereunder that would cause any amount attributable to the Annuity to be currently includible in the recipient's income or would otherwise affect the determination of when any recipient is treated as having received any payment for income tax purposes, or would otherwise prevent this Agreement from satisfying all of the conditions for a "qualified assignment" within the meaning of Section 130(c) of the Code.

5. **Delivery of Payments.** Assignee-Debtor may have Annuity Issuer send payments directly to a Claimant-Secured Party, or, if applicable, to a Successor Payee (as defined in paragraph 8 of this Agreement), or deliver payments by electronic funds transfer to a depository institution in the United States for credit (directly or indirectly) to an insured account in the name of such Claimant-Secured Party or Successor Payee. Such direction of payments under the Annuity shall not be deemed to afford the Claimant-Secured Party or any Successor Payee any rights of ownership or control of the Annuity. Each Claimant-Secured Party and any Successor Payee shall at all times keep Annuity Issuer apprised of such Claimant-Secured Party's or Successor Payee's current street address and telephone number and, if such Claimant-Secured Party or Successor Payee receives payments by electronic funds transfer, the name, address, bank identifier number (BIN) and telephone number of the applicable depository institution and the account number of the account to which the payments are to be credited.

6. **Discharge of Liability.** The Assignee-Debtor's liability to make each Periodic Payment to the Claimant-Secured Party or Successor Payee designated to receive such payment shall be discharged automatically at such time as a corresponding payment is made to such Claimant-Secured Party or Successor Payee by the Annuity Issuer.

7. **Acceleration, Transfer of Payment Rights.** None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be

   i. Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

   ii. Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.

   No Claimant-Secured Party or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

8. **Beneficiaries.** Any Periodic Payments to be made after the death of any Claimant-Secured Party or Successor Payee shall be made to such party as shall have been designated in, or in accordance with, the Settlement Agreement or, if the Settlement Agreement does not provide for such designation, then to the party designated in conformity with this paragraph 8. Any party so designated is referred to in this Agreement as a "Beneficiary." If no Beneficiary is living at the time of the death of a Claimant-Secured Party or Successor Payee, payment shall be made to the decedent's estate. As used in this agreement the term "Successor Payee" refers to a Beneficiary or an estate that has become entitled to receive Periodic Payments following the death of a Claimant-Secured Party or a Successor Payee. Except as otherwise provided in the Settlement Agreement,

no designation or change of designation of a Beneficiary shall be effective unless such change (i) is requested in a written request submitted to Assignee-Debtor (or its authorized agent) in accordance with Assignee-Debtor's customary procedures for processing such requests; and (ii) is confirmed by Assignee-Debtor (or its authorized agent). Except for a designation that is expressly identified in the Settlement Agreement as irrevocable, any designation of a Beneficiary shall be deemed to be revocable; and no party that is designated as a Beneficiary (other than a party irrevocably designated as a Beneficiary in the Settlement Agreement) shall, solely by virtue of its designation as a Beneficiary, be deemed to have any cognizable interest in any Periodic Payments.

9. Assignee-Debtor hereby pledges and grants to Claimant-Secured Party a lien on and security interest in all of Assignee-Debtor's right, title, and interest in the Annuity and all payments therefrom in order to secure the obligation of Assignee-Debtor to make the Periodic Payments. Assignee-Debtor and Claimant-Secured Party shall notify Annuity Issuer of the lien created under this Agreement and Assignee-Debtor shall deliver the Annuity to Claimant-Secured Party upon execution of this agreement and receipt by Assignee-Debtor of the Annuity from Annuity Issuer. Assignee-Debtor shall have no obligation to perform any other acts in connection with the pledge and grant of said security interest other than as expressly provided in this paragraph 9 of this Agreement.

10. Assignee-Debtor shall have all rights of Ownership and control in the Annuity; including the right to receive and retain all benefits under the Annuity, which are not inconsistent with the security interest granted under paragraph 11, and Claimant-Secured Party shall have no right to anticipate, sell, assign, pledge, encumber, or otherwise exercise any right with respect to the Annuity, so long as Assignee-Debtor has not failed due to insolvency or bankruptcy to make any of the Periodic Payments. If such a failure occurs and is continuing, Claimant-Secured Party shall have all of the rights and remedies of a secured party under the law then in effect in the State of Delaware.

11. The Annuity will bear the following legend

    "NOTICE"

    "This annuity contract has been delivered to the possession of <u>Ashlyn G. Guzman AND Gaspar D. Guzman</u> for the sole purpose of perfecting a lien and security interest of such person in this contract. <u>Ashlyn G. Guzman AND Gaspar D. Guzman</u> is not the owner of, and has no ownership rights in, this contract and may not anticipate, sell, assign, pledge, encumber, or otherwise use this contract as any form of collateral. Please contact the issuer of this contract for further information."

12. **Failure to Satisfy Section 130(c).** If at any time prior to completion of the Periodic Payments, the Settlement Agreement is declared terminated in a final, non-appealable order of a court of competent jurisdiction (or in the case of a workers' compensation settlement, a final order of the applicable workers' compensation authority) or if it is determined in any such final order that the requirements of Section 130(c) of the Code have not been satisfied in connection with this Agreement: (i) the assignment by Assignor to Assignee-Debtor of the liability to make the Periodic Payments, Assignee-Debtor's acceptance of such assignment and the release by Claimant(s) of Assignor's liability shall be of no force or effect; (ii) Assignee-Debtor shall be conclusively deemed to be acting as the agent of Assignor; (iii) the Annuity shall be owned by Assignor, which shall retain the liability to make the Periodic Payments; (iv) Assignee-Debtor shall have no liability to make any Periodic Payments; and (v) the parties hereto agree to cooperate in taking such actions as may be necessary or appropriate to implement the foregoing.

13. **Governing Law; Disclosure of Certain Tax Information; Binding Effect.**

    (i) This Agreement shall be governed by and interpreted in accordance with the internal laws of the State of Delaware; provided, however, that any Transfer of Payment Rights under this Agreement may be subject to the laws of other states in addition to the state designated above.

    (ii) This Agreement shall be binding upon the parties hereto and their respective successors, heirs, executors, administrators and permitted assigns, including without limitation any party asserting an interest in Payment Rights.

14. **Advice, Comprehension of Agreement.** In entering into this Agreement, each Claimant-Secured Party represents and warrants that (i) such Claimant-Secured Party has relied solely upon the legal

and tax advice of such Claimant-Secured Party's own attorneys and other advisors, who are the attorneys and advisors of such Claimant-Secured Party's choice, concerning the legal and income tax consequences of this Agreement; and (ii) the terms of this Agreement have been completely read by and explained to such Claimant-Secured Party and are fully understood and voluntarily accepted by such Claimant-Secured Party.

15. **Description of Periodic Payments.** The Periodic Payments are as set forth immediately below or (if not set forth below) as set forth in attached **Addendum No. 1**, which is hereby incorporated in and made a part of this Agreement.

**Description of Periodic Payments:**

_____

_____

_____

_____

**This Qualified Assignment, Release and Pledge Agreement** is signed in one or more counterparts as of the Effective Date by the following:

| | | |
|---|---|---|
| **Assignor:** City of San Antonio, Texas | | **Assignee-Debtor:** MetLife Assignment Company, Inc. |

By: _____  By: _____
       Authorized Representative              Authorized Representative

Title: _____  Title: _____

**Claimant(s)-Secured Party:**                      *Approved as to Form and Content:*

_____       _____
Claimant Secured Party Signature             Attorney for Claimant-Secured Party

_____       _____
Claimant Secured Party Signature             Attorney for Claimant-Secured Party

# Addendum No. 1
# Description of Periodic Payments

Claimant (1):  **Ashlyn G. Guzman**
Claimant Address:
Claimant Social Security Number:  Date of Birth:  07/23/2011

Payee Name:  **Ashlyn G. Guzman**
Payee Address:

Benefit(s):
1. **Period Certain Annuity** - $429.95 payable monthly, guaranteed for 3 year(s) and 1 month(s), beginning on 07/23/2029, with the last guaranteed payment on 07/23/2032.

Claimant (2):  **Gaspar D. Guzman**
Claimant Address:
Claimant Social Security Number:  Date of Birth:  04/05/2010

Payee Name:  **Gaspar D. Guzman**
Payee Address:

Benefit(s):
1. **Period Certain Annuity** - $412.90 payable monthly, guaranteed for 3 year(s) and 1 month(s), beginning on 04/05/2028, with the last guaranteed payment on 04/05/2031.

**Initials**

Assignor: _____

Assignee-Debtor: _____

Claimant(s)
Secured Party: _____

_____

Attorney for
Claimant-
Secured Party: _____

_____