IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Gaspar David Guzman, Maria Isabel Guzman, Vanessa Garcia, Next Friend of Gaspar David Guzman, Jr. and Ashlyn Gizelle Guzman, Minors<br><br>V.<br><br>City of San Antonio, Officer J. Diehl, Officer A. ORTIZ, AND Officer A. Espinoza | Civil No. 5:19-CV-10901-OLG |

SETTLEMENT AGREEMENT AND RELEASE

**This Settlement Agreement and Release** (the "Settlement Agreement") is made and entered into this 14th day of December, 2021 by and among Vanessa Garcia (Next Friend of Gaspar David Guzman Jr., Ashlyn Gizzelle Guzman), minors, hereafter "Plaintiff" and The City of San Antonio, "Defendant,".

**RECITALS**

A.  On or about May 12, 2018 Gaspar David Guzman, the father of the minor children named above died in an incident occurring in Bexar County, Texas. Plaintiff alleges that the incident and eventual death of Gaspar David Guzman resulted out of certain alleged negligent acts or omissions of Defendant, and Plaintiffs have made a claim seeking monetary damages on account of those injuries.

B. Defendant the City of San Antonio has answered the allegations and denies liability and makes no admission of liability.

C.  The parties desire to enter into this Settlement Agreement in order to avoid further costs. This agreement will provide for certain payments in full settlement and discharge of all claims which have, or might be made, by reason of the incident described in Recital A above upon the

terms and conditions as set forth below.

## AGREEMENT

The parties agree as follows:

1.0 **Release and Discharge**

In consideration of the payments called for herein, the Plaintiff hereby completely releases and forever discharges Defendant, and its past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, and whether for compensatory or punitive damages, which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired, or which are the subject of or may in any way grow out of the incident described in Recital A above, including, without limitation, any and all known or unknown claims for bodily and personal injuries to Plaintiff, or any wrongful death claim of Plaintiff's representatives or heirs, which have resulted or may result from the alleged acts or omissions of the Defendant. This release, on the part of Plaintiff, shall be a fully binding and complete settlement between the Plaintiff and the Defendant their assigns and successors, save only the executory provisions of this Settlement Agreement and Release.

2.0 **Payments**

In consideration of the release set forth above, the Insurer on behalf of the Defendant hereby agrees to pay to the following individual(s) ("Payee(s)") the sums outlined in this Section 2 below.

2.1 **Payments already made at the time of settlement:**

Payee: Met Life Assignment Company

Payment: $27,150.00 lump sum payment to provide the future periodic payments set forth below in section 2.2

2.2 **Periodic payments made according to the schedule as follows: (the "Periodic Payments"):**

Payee: Gaspar D. Guzman

Payments: As set out in the QAR Addendum 1

Payee: Ashlyn Gizzelle Guzman

Payments: As set out in the QAR Addendum 1

All sums set forth herein constitute compensatory damages on account of physical personal injuries within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

3.0 **Claimant's Rights to Payments**

The Assignee shall not segregate or set aside any of their assets to fund the payments to Plaintiff required herein. Said payments cannot be accelerated, deferred, increased or decreased by Plaintiff. No part of the payments called for herein or any assets of the Defendant, the Insurer, and/or the Assignee are to be subject to execution of any legal process for any obligation in any manner. The Plaintiff shall not have the power to sell or mortgage or encumber the payments, or any part thereof, nor anticipate the same, or any part thereof, by assignment or otherwise. Any such sale, mortgage, encumbrance, or anticipation by assignment or otherwise shall be void unless such sale, assignment, pledge, hypothecation, or other transfer or encumbrance has been approved in advance in a "qualified order" as outlined in Section 5891(b)(2) of the Internal Revenue Code of 1986, as amended and approved by a court of competent jurisdiction and otherwise complies with applicable state law, including without limitation any and all applicable state structured settlement protection statutes. In the event that Plaintiff attempts to seek such a "qualified order," they do

hereby agree and consent to provide full and timely legal notice of any such Motion or Petition for such a "qualified order" to plaintiff's counsel. No direct or indirect transfer of **structured settlement** payment rights shall be effective and no **structured settlement** obligor or annuity issuer shall be required to make any payment directly or indirectly to any transferee of **structured settlement** payment rights unless the transfer has been approved in advance in a final court order based on express findings by the court that:

(1) the transfer is in the best interest of the payee, taking into account the welfare and support of the payee's dependents;

(2) the payee has been advised in writing by the transferee to seek independent professional advice regarding the transfer and has either received the advice or knowingly waived the advice in writing; and

(3) the transfer does not contravene any applicable statute or an order of any court or other governmental authority.

4.0    **Claimant's Beneficiary**

Any payments to be made after the death of either Payee pursuant to the terms of this Settlement Agreement and Release shall be made to the Estate of the Payee. After the age of majority, each Payee may submit a change of beneficiary in writing to the Assignee. The designation must be in a form acceptable to the Assignee.

5.0    **Consent to Qualified Assignment**

5.1    Claimant acknowledges and agrees that the Defendant and/or the Insurer may make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendants' and/or the Insurers' liability to make the Periodic Payments set forth in Section 2.2 to MetLife Assignment Company, Inc. ("the Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendant and/or

the Insurer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

5.2     Any such assignment, if made, shall be accepted by the Claimant without right of rejection and shall completely release and discharge the Defendant and the Insurer from the Periodic Payments obligation assigned to the Assignee. The Claimant recognizes that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and Claimant agrees that such assignment shall constitute a full release and discharge of all Defendant and Insurer's obligations relative to the Periodic Payments set forth above.

6.0     **Right to Purchase an Annuity**

The Defendant and/or the Insurer, itself or through MetLife Assignment Company, Inc. ("Assignee") reserve the right to fund the liability to make the Periodic Payments in Section 2.2 through the purchase of an annuity policy from Metropolitan Tower Life Insurance Company. The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have Metropolitan Tower Life Insurance Company mail payments directly to the Payee(s). The Claimant shall be responsible for maintaining a current mailing address for Payee(s) with the Assignee

7.0     **Discharge of Obligation**

The obligation of the Defendant, the Insurer and/or the Assignee to make each Periodic Payment shall be fully discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record of the Payee or Beneficiary with the Annuity Issuer. If the Payee or Beneficiary notifies the Defendant, the Insurer and/or the Assignee that any check or electronic funds transfer was not received, the Defendant, the Insurer and/or the Assignee shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated by or on behalf of the Payee or

Beneficiary or electronic funds transfer deposited by or for the benefit of the Payee or Beneficiary, shall have the Annuity Issuer process a replacement payment.

8.0     **Attorney Fees**

Each party hereto shall bear all attorney's fees and costs arising from the actions of its own counsel in connection with this Settlement Agreement, the matters and documents referred to herein, and all related matters.

9.0     **General Release**

The Plaintiff hereby acknowledges and agrees that the release and discharge set forth above is a general release. Plaintiff expressly waives and assumes the risk of any and all claims for damages that exist as of this date, but of which the Plaintiff does not know or suspect to exist, whether
through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Plaintiff's decision to enter into this Settlement Agreement. The Plaintiff further agrees that Plaintiff has accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiff assumes the risk that the facts or law may be other than Plaintiff believes. It is understood and agreed to by the Parties that this settlement is a compromise of a doubtful and disputed claim, and the payments are not be construed as an admission of liability on the part of the Defendant, by whom liability is expressly denied.

10.0    **Minor's Compromise**

The undersigned executing this release on behalf of any minor agrees to provide the party herein released with a certified copy of the Court's order approving the compromise of the minor's claims. The undersigned hereby further agrees to forever and fully indemnify, defend and hold harmless the party herein released of and from any and all damage or loss or costs, including attorneys' fees or judgments which may be hereafter sustained by the party herein released, or his insurance carriers, arising out of any claim or demand or suit or action taken by said minor or by any

other person on behalf of said minor, or as the heir or assignee of said minor.

11.0    **Warranty of Capacity to Execute Agreement**

Plaintiff represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that Plaintiff has the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it; and that the Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

12.0    **Good Faith Settlement**

The Parties mutually agree by and through their attorneys and represent that the settlement agreement set forth herein was entered into in good faith and to the satisfaction of the Parties.

13.0    **Entire Agreement and Successors in Interest**

This Settlement Agreement contains the entire agreement between the Plaintiff, the Defendant and the Insurer with regard to the matters set forth in it and shall be binding upon and enure to the benefit of the executors, administrators, personal representatives, heirs successors and assigns of each.

14.0    **Representation by Plaintiff**

Plaintiff states that Plaintiff has carefully read this Settlement Agreement in its entirety, has conferred with Plaintiff's attorney, and knows and understands the contents of this Agreement.  Plaintiff further understands and acknowledges that this Agreement has been negotiated by the Parties through their respective counsel.  Plaintiff represents that Plaintiff is not relying on the advice of Defendant and Defendant's liability Insurer or anyone associated with the Defendant and Defendant's liability Insurer concerning the legal or tax consequences of this Agreement, nor is this Agreement contingent upon any favorable tax determination.  Accordingly,

Plaintiff hereby releases and holds harmless Defendant and Defendant's liability Insurer, Defendant's counsel or consultants from any claims of any kind which Plaintiff may assert because of any unforeseen consequences of this Settlement Agreement.

15.0    **Representation of Comprehension of Document**

In entering into this Settlement Agreement, the Plaintiff represents that Plaintiff has relied upon the legal advice of his/her attorneys, who are the attorneys of his/her own choice, and that the terms of this Settlement Agreement have been completely read and explained to Plaintiff by Plaintiff's attorneys, and that those terms are fully understood and voluntarily accepted by Plaintiff.

16.0    **Governing Law**

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Texas.

17.0    **Additional Documents**

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

18.0    **Effectiveness**

This Settlement Agreement shall become effective immediately following execution by each of the parties.

PLAINTIFF:


**Richard S.. Hoffman** by permission and POA

Vanessa Garcia Next Friend of Gaspar David Guzman Jr
and Ashley Gizzelle Guzman

/s/Richard S. Hoffman

Richard S. Hoffman
Attorney for Plaintiff


/s/Judith Sanchez
Judith Sanchez
Attorney for Defendant

    /s/Richard S. Hoffman

Richard S. Hoffman
611 S. Congress #210
Austin, TX 78704
(512)322-9800
Cell(512)217-7383
Fax 512-322-9802
Email: rhoff88302@aol.com
Attorney for Plaintiff


CERTIFICATE OF SERVICE

I certify that the above Amended Motion to Approve the Settlement and Release has been delivered to the following on the 12th day of December by the method indicated:


| | |
|---|---|
| Judith Sanchez<br>City of San Antonio<br>Office of City Attorney Litigation Division<br>Frost Bank Tower<br>100 W.Houston Street 18th Floor | CM/ECF |
| Metropolitan Tower Life Insurance Co.<br>% Carola Davis<br>388 Comal Avenue<br>New Braunfels, TX 78130 | E mail<br>cmdavis388@gmail.com |

Attachment: Executed Qualified Assignment, Release and Pledge Agreement